UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WASHINGTON MUTUAL BANK,                )<br>                                                                )<br>        Plaintiff,                                       )<br>                                                                )<br>        v.                                                    )<br>                                                                )<br>DAN W. ADAMS, HEIDI K. ADAMS,   )<br>UNITED STATES OF AMERICA,          )<br>COMMONWEALTH OF                          )<br>MASSACHUSETTS DEPARTMENT OF )<br>REVENUE, DELTA FUNDING                 )<br>CORPORATION and BENEFICIAL       )<br>MASSACHUSETTS INC.,                        )<br>                                                                )<br>        Defendants.                                  )<br>                                                                ) | Civil Action No. 05-11686-WGY |

**MOTION OF PLAINTIFF WASHINGTON MUTUAL BANK
TO EXTEND TIME PERIOD TO SEEK DEFAULT JUDGMENT**

Pursuant to this Court's Standing Order Regarding Motions for Default Judgment, plaintiff Washington Mutual Bank ("Washington Mutual") respectfully moves this Court for an order extending the thirty-day time period for it to seek a default judgment against defendants Dan W. Adams, Heidi K. Adams, Delta Funding Corporation and Beneficial Massachusetts, Inc. As support for this motion, Washington Mutual states as follows:[1]

**Procedural Background**

1.      This case involves two borrowers (Dan W. Adams and Heidi K. Adams or the "Adams") who used a fraudulent check to attempt to pay off their first mortgage loan account at

---

[1] Washington Mutual is filing herewith the supporting Affidavit of Mary Ellen Manganelli, Esq. as required by the Court's Standing Order Regarding Motions for Default Judgment.

Washington Mutual, and who obtained a mortgage discharge from Washington Mutual through the use of fraud.

2.  In its Complaint, Washington Mutual seeks both equitable and monetary relief. For its equitable relief, the Complaint requests that this Court issue a declaration that the discharge of the Washington Mutual first mortgage was obtained by fraud and is, therefore, invalid. Washington Mutual seeks an order from this Court that can be recorded at the Barnstable County Registry of Deeds to restore Washington Mutual's mortgage to the first priority position on the Adams' property.

3.  Washington Mutual also seeks monetary relief against defendants Dan W. Adams and Heidi K. Adams for its attorneys' fees and costs in bringing this action, as permitted by the Promissory Note that the Adams executed in favor of Washington Mutual.

4.  On September 14, 2005, this Court entered defaults against defendants Dan W. Adams, Heidi K. Adams, Delta Funding Corporation and Beneficial Massachusetts, Inc.

5.  On September 28, 2005, the defendant Commonwealth of Massachusetts Department of Revenue filed a Notice of Disclaimer, thereby indicating that it does not oppose the equitable relief sought in the Complaint.

6.  Pursuant to this Court's Standing Order Regarding Motions for Default Judgment issued on September 14, 2005, Washington Mutual has until October 14, 2005 to seek a default judgment against the defaulted parties.

7.  The defendant United States of America, Internal Revenue Service ("IRS"), has until October 22, 2005 to file an answer or response to the Complaint.

8.  Although counsel for Washington Mutual has been in contact with counsel for the IRS, Washington Mutual still does not know whether the IRS intends to file an answer and

oppose the equitable relief sought in the Complaint, or whether it will consent to the equitable relief being requested by Washington Mutual.

**Relief Requested**

9.     Because Washington Mutual seeks to invalidate the mortgage discharge and to restore its mortgage to the first position on the Adams' property, the equitable relief sought will only be effective if it is obtained against all named defendants, including the IRS.  Entry of a default judgment now against the currently defaulted defendants will not provide Washington Mutual with complete relief.  The rights of the IRS must be adjudicated or disclaimed before the Court can reinstate Washington Mutual's mortgage to a position in front of the IRS' lien.

10.     Judicial efficiency will be best served by waiting until the IRS answers or disclaims.  Only then can the Court fully consider the equitable relief sought by Washington Mutual.  Moreover, if the IRS disclaims, then the Court will need to do no more than grant the requested equitable relief.

11.     Likewise, Washington Mutual cannot now seek the monetary relief it requests in the Complaint.  The monetary damages incurred by Washington Mutual, namely its attorneys' fees and the costs of prosecuting this action, continue to accrue.  Washington Mutual will not be able to determine the amount of the damages that it will seek against the Adams in an assessment of damages hearing until after the IRS responds to the Complaint and this matter is concluded.

WHEREFORE, Washington Mutual respectfully requests that:

(a)     this Court extend the thirty-day time period and not require that a Motion for Default Judgment be filed against defendants Dan W. Adams, Heidi K. Adams, Delta Funding Corporation and Beneficial Massachusetts, Inc. until such time that

        the rights of the IRS have been fully and finally adjudicated or it consents to the equitable relief sought; and

(b)     this Court extend the thirty-day time period and not require that a Motion for Default Judgment be filed against defendants Dan W. Adams and Heidi K. Adams for monetary relief until the entire case is concluded so that Washington Mutual can determine the amount of attorneys' fees and costs to which it is entitled in prosecuting this action.

> WASHINGTON MUTUAL BANK,
> By its Attorneys,
>
>     */s/ J. Patrick Kennedy*
> Donn A. Randall, BBO #631590
> J. Patrick Kennedy, BBO #565778
> Mary Ellen Manganelli, BBO #641658
> Bulkley, Richardson and Gelinas, LLP
> One Post Office Square, Suite 3700
> Boston, MA  02109
> (617) 368-2500

Dated:  October 5, 2005

308843.1

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WASHINGTON MUTUAL BANK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-11686-WGY |
| DAN W. ADAMS, HEIDI K. ADAMS, UNITED STATES OF AMERICA, COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE, DELTA FUNDING CORPORATION and BENEFICIAL MASSACHUSETTS INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## AFFIDAVIT OF MARY ELLEN MANGANELLI, ESQ.

I, Mary Ellen Manganelli, hereby depose and state as follows:

1. I am one of the attorneys of record for the plaintiff, Washington Mutual Bank.

2. Washington Mutual commenced this action on or about August 15, 2005. All of the defendants have been served with a Summons and copy of the Complaint.

3. Defendants Dan W. Adams, Heidi K. Adams, Delta Funding Corporation and Beneficial Massachusetts, Inc. failed to answer or otherwise defend within the time period allowed by the federal rules of civil procedure, and each of them has been defaulted.

4. On September 28, 2005, the defendant Massachusetts Department of Revenue filed a Notice of Disclaimer.

5. The defendant United States of America, Internal Revenue Service ("IRS") has until October 22, 2005 to file an answer or response to the Complaint.

2

      6.      At this time, counsel for Washington Mutual does not know whether the IRS will file an answer and oppose the equitable relief sought in the Complaint, or whether it will consent to that relief.

      7.      Washington Mutual seeks equitable and monetary relief in this action. The equitable relief sought requests that this court issue an order, suitable for recording at the Barnstable County Registry of Deeds, that the mortgage discharge was obtained by fraud and reinstating Washington Mutual's mortgage to the first priority position in the Adams' property. This declaration will have no legal effect if it is not issued against all of the defendants.

      8.      Washington Mutual also seeks monetary relief against defendants Dan W. Adams and Heidi K. Adams for its attorneys' fees and the costs of prosecuting this action. Washington Mutual cannot determine the amount of costs and attorneys' fees that are due until the claims are adjudicated against all the parties.

      Signed this 5th day of October, 2005 under the penalties of perjury.

      /s/ Mary Ellen Manganelli

#308908