IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WASHINGTON MUTUAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-11686-WGY |
| | ) | |
| DAN W. ADAMS, HEIDI K. ADAMS, | ) | |
| UNITED STATES OF AMERICA, | ) | |
| COMMONWEALTH OF MASSACHUSETTS | ) | |
| DEPARTMENT OF REVENUE, DELTA | ) | |
| FUNDING CORPORATION, and | ) | |
| BENEFICIAL MASSACHUSETTS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

<u>UNITED STATES' ANSWER</u>

The United States responds to the specific allegations of the complaint as follows:

1.  *The plaintiff Washington Mutual Bank ("Washington Mutual") is a federally chartered savings bank with a principal place of business at 1201 Third Avenue, Seattle, Washington, 98101.*

RESPONSE:  The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 1 of the complaint.

2.  *Upon information and belief, the defendant Dan W. Adams ("Mr. Adams") is an individual who resides at 15 Highfield Drive, Sandwich, Barnstable County, Massachusetts (the "Property").*

RESPONSE:  The United States admits the allegations contained in ¶ 2 of the complaint.

3.  *Upon information and belief, the defendant Heidi K. Adams ("Mrs. Adams") is an individual who resides at 15 Highfield Drive, Sandwich, Barnstable County, Massachusetts.  Mr. Adams and Mrs. Adams are husband and wife.*

RESPONSE:    The United States admits the allegations contained in ¶ 3 of the complaint.

4.    *The United States of America, Department of the Treasury - Internal Revenue Service (the "IRS") has been named as a defendant in this action as a result of a federal tax lien levied against Mr. Adams that was recorded in the chain of title to the Property at the Barnstable County Registry of Deeds.*

RESPONSE:    The United States admits that a federal tax lien has arisen against Mr. Adams, notice of which was filed with the Barnstable County Registry of Deeds.

5.    *The Commonwealth of Massachusetts ("DOR") has been named as a defendant in this action as a result of a state tax lien levied against Mr. Adams that was recorded in the chain of title to the Property at the Barnstable County Registry of Deeds.*

RESPONSE:    The United States admits that notice of a state tax lien was recorded in the chain of title to the Property, but avers that the Commonwealth of Massachusetts has filed a disclaimer of interest in this case.

6.    *The defendant Delta Funding Corporation ("Delta") is a corporation having a place of business at 1000 Woodbury Road, Suite 200, Woodbury, New York 11797.  Delta has been named as a defendant in this action as a result of a mortgage in its favor that was recorded in the chain of title to the Property at the Barnstable Court Registry of Deeds.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of the complaint.

7.    *The defendant Beneficial Massachusetts, Inc. ("Beneficial") is a corporation organized under the laws of Delaware having a place of business at 338 Main Street, Hyannis, Massachusetts 02601. Beneficial has been named as a defendant in this action as a result of a mortgage in its favor that was recorded in the chain of title to the Property at the Barnstable County Registry of Deeds.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the complaint.

8.    *This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410(a) as this dispute involves a suit involving federal tax liens under the internal revenue laws of the United States, and pursuant to 28 U.S.C. § 2201(a), as there is an actual controversy between the parties for which Washington Mutual seeks a declaration by this Court of the rights and legal relations of the parties.*

RESPONSE:    The United States admits the allegations contained in ¶ 8 of the complaint.

9.    *Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this district, and the property that is the subject of the action is situated in this district.*

RESPONSE:    The United States admits the allegations contained in ¶ 9 of the complaint.

10.    *Mr. Adams and Mrs. Adams are the record owners of the Property, holding title as husband and wife, tenants by the entirety, by means of a Quitclaim Deed from Mr. Adams dated August 1, 1998. On September 4, 1998, the Quitclaim Deed was recorded at the Barnstable County Registry of Deeds, Registered Land Division,*

- 3 -

*as Document Number 738,690. A copy of the Quitclaim Deed is attached hereto as Exhibit 1.*

RESPONSE:    The United States admits that attached to the complaint as Exhibit 1 is a purported copy of a Quitclaim Deed described as above.

11.    *On or about July 29, 1999, Mr. Adams and Mrs. Adams executed a mortgage on the Property in favor of Delta (the "Delta Mortgage"). On August 6, 1999, the Delta Mortgage was recorded at the Barnstable County Registry of Deeds, Registered Land Division, as Document Number 774,786. A copy of the Delta Mortgage is attached hereto as Exhibit 2.*

RESPONSE:    The United States admits the allegations contained in ¶ 11 of the complaint.

12.    *On or about June 25, 2002, Mr. Adams and Mrs. Adams executed a Promissory Note (the "Note"), in the principal amount of $324,850.00, and a mortgage on the Property in favor of Long Beach Mortgage Company ("Long Beach"), for which Washington Mutual is the servicing entity (the mortgage in favor of Long Beach will be referred to herein as the "Washington Mutual Mortgage"). On July 2, 2002, the Washington Mutual Mortgage was recorded at the Barnstable County Registry of Deeds, Registered Land Division, as Document Number 877,425. A copy of the Note and Washington Mutual Mortgage are attached hereto as Exhibit 3.*

RESPONSE:    The United States admits the allegations contained in ¶ 12 of the complaint.

13.    *On or about June 25, 2002, Delta executed a Subordination Agreement in favor of Long Beach, in which the Delta Mortgage was subordinated to the Washington*

*Mutual Mortgage in the chain of title to the Property (the "Delta Subordination*

*Agreement"). On July 24, 2002, the Delta Subordination Agreement was*

*recorded at the Barnstable County Registry of Deeds, Registered Land Division,*

*as Document Number 879,406. A copy of the Delta Subordination Agreement is*

*attached hereto as Exhibit 4.*

RESPONSE:    The United States admits the allegations contained in ¶ 13 of the complaint.

14.    *On or about November 15, 2002, Mr. Adams and Mrs. Adams executed a*

*mortgage on the Property in favor of Beneficial (the "Beneficial Mortgage"). On*

*November 26, 2002, the Beneficial Mortgage was recorded at the Barnstable*

*County Registry of Deeds, Registered Land Division, as Document Number*

*895,117. A copy of the Beneficial Mortgage is attached hereto as Exhibit 5.*

RESPONSE:    The United States admits the allegations contained in ¶ 14 of the complaint.

15.    *On or about October 1, 2003, the IRS, through its Boston office, prepared and*

*signed a Notice of Federal Tax Lien in the name of Mr. Adams, against the*

*Property, in the amount of $241,283.47 (the "Notice of Federal Tax Lien"). On*

*October 8, 2003, the Notice of Federal Tax Lien was recorded at the Barnstable*

*County Registry of Deeds in Book Number 17766, at Page Number 155. A copy*

*of the Notice of Federal Tax Lien is attached hereto as Exhibit 6.*

RESPONSE:    The United States admits the allegations contained in ¶ 15 of the complaint,

though it avers that the Notice of Federal Tax Lien attaches to *all* property and

rights to property of Dan Adams, not simply the Property at issue in this

proceeding.

16.    *In or about October, 2004, the DOR prepared a Notice of Massachusetts Tax Lien in the name of Mr. Adams, against the Property, in the amount of $7,072.03.  On October 21, 2004, the Notice of Massachusetts Tax Lien was recorded at the Barnstable County Registry of Deeds in Book Number 19157, at Page Number 133. A copy of the Notice of Massachusetts Tax Lien is attached hereto as Exhibit 7.*

RESPONSE:    The United States admits the allegations contained in ¶ 16 of the complaint.

17.    *On or about March 9, 2005, Mr. Adams and/or Mrs. Adams requested a payoff statement from Washington Mutual for the Note and Washington Mutual Mortgage.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 17 of the complaint.

18.    *After receiving the payoff statement, Mr. Adams and/or Mrs. Adams sent Washington Mutual a fraudulent payoff check in the amount of $316,339.23 that they intended to use to pay off the balance owed on the Note and Washington Mutual Mortgage.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 18 of the complaint.

19.    *The fraudulent check was dated March 10, 2005, and was identified as an International Bill of Exchange.  The fraudulent check did not have any bank routing or account numbers imprinted on the bottom of the check.*

- 6 -

RESPONSE:     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of the complaint.

20.     *Washington Mutual employees recognized the March 10, 2005 check to be a fraudulent check, and returned the check to Mr. Adams and/or Mrs. Adams without processing the payoff request.*

RESPONSE:     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 of the complaint.

21.     *On March 18, 2005, Mr. Adams and/or Mrs. Adams requested a second payoff statement from Washington Mutual for the Note and Washington Mutual Mortgage.*

RESPONSE:     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the complaint.

22.     *On or about March 21, 2005, Washington Mutual issued a second payoff statement to Mr. Adams and/or Mrs. Adams.*

RESPONSE:     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 22 of the complaint.

23.     *On or about March 25, 2005, Mr. Adams and/or Mrs. Adams sent Washington Mutual a second fraudulent check in the amount of $336,943.44 that they intended to use to pay off the balance owed on the Note and Washington Mutual Mortgage.*

RESPONSE:     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 23 of the complaint.

24.     *The second fraudulent check was identified as an International Bill of Exchange, and did not have any bank routing or account numbers imprinted on the bottom of the check.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 24 of the complaint.

25.     *The second fraudulent check was signed by Mr. Adams and included the Adams' Washington Mutual mortgage loan account number and the Property address.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 25 of the complaint.

26.     *Mr. Adams and/or Mrs. Adams sent the second fraudulent check to Washington Mutual with the intent to pay off the balance owed on the Note and Washington Mutual Mortgage, and to obtain a fraudulent mortgage discharge.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 26 of the complaint.

27.     *The second fraudulent check was not detected by Washington Mutual employees, and was processed as a payoff of Mr. Adams and Mrs. Adams' mortgage loan account in the usual course of Washington Mutual's business operations.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 27 of the complaint.

28.     *Washington Mutual's check processing agent, Integrated Payment Systems, later advised Washington Mutual that the second fraudulent check was not negotiable because it did not contain a valid account number.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 28 of the complaint.

29.    *After being advised of the fraudulent nature of the check, Washington Mutual*

*reversed the payoff in its records and reinstated Mr. Adams and Mrs. Adams'*

*mortgage loan account in its records.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 29 of the complaint.

30.    *Washington Mutual immediately notified Mr. Adams and Mrs. Adams that the*

*second payoff check was fraudulent, and that their mortgage loan account was*

*being re-established in Washington Mutual's records.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 30 of the complaint.

31.    *The initial processing of the proceeds of the second fraudulent payoff check to*

*Mr. Adams and Mrs. Adams' Washington Mutual mortgage loan account*

*triggered the preparation and filing of a mortgage discharge of the Washington*

*Mutual Mortgage (the "Washington Mutual Mortgage Discharge").  On April 20,*

*2005, the Washington Mutual Mortgage Discharge was recorded in the*

*Barnstable County Registry of Deeds, Registered Land Division, as Document*

*Number 999,369.  A copy of the Washington Mutual Mortgage Discharge is*

*attached hereto as Exhibit 8.*

RESPONSE:    The United States admits that attached as Exhibit 8 is a purported copy of the

discharge document described above.  The United States is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 31 of the complaint.

32. *By the time Washington Mutual became aware that the second payoff check was fraudulent, the Washington Mutual Mortgage Discharge had already been recorded at the Barnstable County Registry of Deeds.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 32 of the complaint.

33. *Just prior to the following of the Washington Mutual Discharge at the Barnstable County Registry of Deeds, which was obtained by Mr. Adams and/or Mrs. Adams through fraudulent conduct, the priority order of liens on the Property was as follows:*

| Priority Position | Holder | Instrument |
|---|---|---|
| 1 | Washington Mutual | Washington Mutual Mortgage/ Delta Subordination Agreement |
| 2 | Delta | Delta Mortgage/ Delta Subordination Agreement |
| 3 | Beneficial | Beneficial Mortgage |
| 4 | IRS | Notice of Federal Tax Lien |
| 5 | DOR | Notice of Massachusetts Tax Lien |

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 33 of the complaint.

34. *As a result of Mr. Adams and/or Mrs. Adams' fraudulent conduct and the recording of the Washington Mutual Mortgage Discharge at the Barnstable*

*County Registry of Deeds, Washington Mutual has lost its first secured priority position in the Property.*

RESPONSE:    The United States admits that, as a result of the Discharge, Washington Mutual has lost its first secured position in the property, but it avers that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 34 of the complaint.

35.    *On May 25, 2005, Washington Mutual filed a Verified Complaint against Mr. Adams and Mrs. Adams in the Barnstable County, Massachusetts Superior Court, which was assigned Civil Action No. 2005-00287 (the "Superior Court Action"). In the Superior Court action, Washington Mutual seeks a judgment against Mr. and Mrs. Adams for all sums due on the Note, including principal, accrued interest and attorneys' fees and costs of collection among other relief.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 35 of the complaint.

36.    *Together with its Verified Complaint in the Superior Court action, Washington Mutual also filed an Emergency Ex Parte Motion for Real Estate Attachment on the Property. After a hearing held on May 25, 2005, the Barnstable Superior Court (Rufo, J.) issued a Finding and Ex Parte Order for Approval of Attachment on the Property in favor of Washington Mutual (the "Superior Court Attachment Order"). A copy of the Superior Court Attachment Order is attached hereto as Exhibit 9.*

- 11 -

RESPONSE:   The United States admits that attached as Exhibit 9 is a purported copy of the

Order described above.  The United States is without knowledge or information

sufficient to form a belief as to the truth of the allegations contained in ¶ 36 of the

complaint.

37.     *On May 25, 2005, the Clerk of Barnstable Superior Court prepared a Writ of*

*Attachment against the Property of Mr. Adams and Mrs. Adams, in the amount of*

*$345,000, in favor of Washington Mutual (the "Washington Mutual Attachment").*

*On May 26, 2005, the Washington Mutual Attachment was recorded at the*

*Barnstable County Registry of Deeds, Registered Land Division, as Document*

*1002694.  A copy of the Washington Mutual Attachment is attached hereto as*

*Exhibit 10.*

RESPONSE:   The United States admits the allegations contained in ¶ 37 of the complaint.

38.     *Following the filing of the Washington Mutual Attachment at Barnstable County*

*Registry of Deeds, the priority order of liens on the Property is as follows:*

| Priority Position | Holder | Instrument(s) |
|---|---|---|
| 1 | Delta | Delta Mortgage |
| 2 | Beneficial | Beneficial Mortgage |
| 3 | IRS | Notice of Federal Tax Lien |
| 4 | DOR | Notice of Massachusetts Tax Lien |
| 5 | Washington Mutual | Washington Mutual Attachment |

RESPONSE:   The United States admits the allegations contained in ¶ 38 of the complaint.

- 12 -

39.     *The defendants named in this action, other than Mr. Adams and Mrs. Adams, specifically the IRS, the DOR, Delta, and Beneficial, were not named as defendants in the Superior Court Action.  In this action, Washington Mutual seeks a declaratory judgment and equitable subrogation to restore the Washington Mutual Mortgage to the first secured priority position on the Property.*

RESPONSE:     The United States admits that it was not named as a defendant in the Superior Court action, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 39 of the complaint.

40.     *Simultaneous with the filing of this action, Washington Mutual intends to file a motion to stay the Superior Court action pending the reinstatement of the Washington Mutual Mortgage or similar relief in this action, and possible eventual foreclosure of its mortgage.*

RESPONSE:     The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 40 of the complaint.

41.     *Washington Mutual incorporates by reference the allegations of paragraphs 1 through 40 as if set forth in full herein.*

RESPONSE:     The United States incorporates by references its responses to ¶ ¶ 1 - 40, inclusive, as if set forth in full herein.

42.     *The Washington Mutual Mortgage was in the first secured priority position in the chain of title to the Property prior to the fraudulent conduct committed by Mr. Adams and/or Mrs. Adams as described herein.*

RESPONSE:   The United States admits that prior to the filing of the Washington Mutual

Discharge, Washington Mutual held the first secured priority position with regard

to this Property, but avers that it is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in ¶ 42 of the

complaint.

43.     *The Washington Mutual Mortgage Discharge was obtained through fraudulent*

*conduct committed by Mr. Adams and/or Mrs. Adams and/or by mistake.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in ¶ 43 of the complaint.

44.     *Each of the defendants other than Mr. Adams and Mrs. Adams currently enjoy a*

*priority position to that of Washington Mutual in the chain of title to the Property*

*as a direct result of the fraudulent conduct committed by Mr. Adams and/or Mrs.*

*Adams and/or by its mistake in recording the Washington Mutual Mortgage*

*Discharge.*

RESPONSE:   The United States admits that it appears that each of the defendants other than Mr.

and Mrs. Adams now enjoy a priority position to that of Washington Mutual with

regard to this property, but avers that it is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in

¶ 44 of the complaint.

45.     *Washington Mutual has been harmed by the fraudulent conduct committed by Mr.*

*Adams and/or Mrs. Adams in obtaining the Washington Mutual Mortgage*

*Discharge, and/or by its mistake in recording the Washington Mutual Mortgage*
*Discharge.*

RESPONSE:   The United States admits that Washington Mutual has been harmed by the filing
of the Discharge, but avers that it is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained in ¶ 45 of the
complaint.

46.   *Each of the defendants other than Mr. and Mrs. Adams has benefited [sic] by the*
*fraudulent conduct committed by Mr. Adams and/or Mrs. Adams in obtaining the*
*Washington Mutual Mortgage Discharge, and/or by its mistake in recording the*
*Washington Mutual Mortgage Discharge.*

RESPONSE:   The United States admits that it has benefitted from the discharge of the
Washington Mutual Mortgage, but avers that it is without knowledge or
information sufficient to form a belief as to the truth of the remaining allegations
contained in ¶ 46 of the complaint.

47.   *It would be inequitable to fail to restore Washington Mutual to the first secured*
*position in the Property.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief
as to the truth of the allegations contained in ¶ 47 of the complaint.

48.   *Washington Mutual incorporates by reference the allegations contained in*
*paragraphs 1 through 47 as if set forth in full herein.*

RESPONSE:   The United States incorporates by reference its responses to ¶¶ 1 - 47, inclusive,
as if set forth in full herein.

- 15 -

49.      *An actual controversy exists between Washington Mutual and all named*

*defendants as to the proper priority position for each of the liens recorded at the*

*Barnstable County Registry of Deeds in the chain of title to the Property.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief

as to the allegations contained in ¶ 49 of the complaint.

50.      *Washington Mutual has been harmed by the discharge of the Washington Mutual*

*Mortgage and the current order of priority of liens in the chain of title to the*

*Property, by which the Washington Mutual Attachment is in a position junior to*

*the positions of Delta, Beneficial, the IRS, and the DOR.*

RESPONSE:    The United States admit the allegations contained in ¶ 50 of the complaint.

51.      *This Court has the power to declare the rights and legal interests of the parties*

*with respect to this dispute regarding the security interests in the chain of title to*

*the Property pursuant to 28 U.S.C. § § 2201(a) and 2410(a).*

RESPONSE:    The United States admits the allegations contained in ¶ 51 of the complaint.

The remaining claims in count III are not made against the United States of America.

WHEREFORE, the United States respectfully requests that this Court enter an Order establishing the proper lien priority in this matter.

Respectfully submitted,

MICHAEL J. SULLIVAN,
United States Attorney


/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560

I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on

  10/14/05 - Lydia Bottome Turanchik

- 17 -

Service List

J. Patrick Kennedy
Bulkley, Richardson & Gelinas
One Post Office Square
Boston, Massachusetts 02109

Brian Robert Hachey
Shechtman Halperin Savage LLP
 86 Weybosset Street
Providence, RI 02903