UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WASHINGTON MUTUAL BANK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-11686-WGY |
| DAN W. ADAMS, HEIDI K. ADAMS, UNITED STATES OF AMERICA, COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE, DELTA FUNDING CORPORATION and BENEFICIAL MASSACHUSETTS INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ASSENTED-TO MOTION FOR JUDGMENT ON THE
<u>PLEADINGS ON COUNTS I AND II OF THE COMPLAINT</u>**

Pursuant to Rules 12(c) and 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201(a) and 2410(a), plaintiff Washington Mutual Bank ("Washington Mutual") hereby moves, with the assent of the only defendant that has filed an Answer in this action (the United States of America, Department of Treasury – Internal Revenue Service (the "IRS")), for entry of a final judgment on the pleadings on Counts I and II of the Complaint. In support of its Motion, Washington Mutual states as follows:

1.      Washington Mutual brought this action against defendants Dan W. Adams, Heidi K. Adams, the IRS, the Commonwealth of Massachusetts Department of Revenue (the "DOR"), Delta Funding Corporation ("Delta") and Beneficial Massachusetts Inc. ("Beneficial") seeking to subrogate certain liens and to restore Washington Mutual's first security mortgage position on

property owned by Dan W. and Heidi K. Adams located at 15 Highfield Drive, Sandwich, Barnstable County, Massachusetts (the "Property") as a result of Mr. and Mrs. Adams' fraudulent actions that led to a mistaken discharge of Washington Mutual's first security position on the Property.

2.  The facts of this case are set forth in detail in the Complaint. Attached to the Complaint as Exhibits 1 through 10 are documents concerning this matter. Being filed herewith is the Affidavit of James A. Horne, which verifies under oath the facts set forth in the Complaint and the authenticity of the documents attached to the Complaint as Exhibits 1 through 10.

3.  Count I of the Complaint is a claim for equitable subrogation against all defendants. In the Complaint's prayer for relief, Washington Mutual requests that this Court enter a judgment for Washington Mutual and against all defendants equitably subrogating each of their security interests in the Property to a position junior to that of Washington Mutual as the same existed prior to the fraudulent conduct and/or mistake described in the Complaint.

4.  Count II of the Complaint is a claim for a declaratory judgment against all defendants. In the Complaint's prayer for relief, Washington Mutual requests that this Court enter a declaratory judgment that Washington Mutual be restored to its first secured priority position in the chain of title to the Property, and enter an appropriate order suitable for filing at the Barnstable County Registry of Deeds that will clarify the priority order of liens on the Property.

5.  In Count III of the Complaint, Washington Mutual seeks to recover its attorneys' fees and costs for having to bring this action from defendants Dan W. and Heidi K. Adams. Washington Mutual is filing a separate Motion for Entry of Default Judgment seeking to have

final judgment entered against defendants Dan W. Adams and Heidi K. Adams on Count III of the Complaint.

6. The Complaint was properly served on all defendants. On September 8 and 9, 2005, executed proofs of return of service or an affidavit of proof of service of process were filed with the Court for all defendants.

7. On September 9, 2005, Washington Mutual filed Requests for Default against defendants Dan W. Adams, Heidi K. Adams and Delta due to their failure to timely file or serve an Answer or otherwise defend the Complaint. On September 13, 2005, Washington Mutual filed a Request for Default against defendant Beneficial due to its failure to timely file or serve an Answer or otherwise defend the Complaint. Dan W. Adams, Heidi K. Adams, Delta and Beneficial are hereinafter collectively referred to as the "Defaulted Defendants."

8. On September 14, 2005, this Court entered Notices of Entry of Default against each of the Defaulted Defendants.[1]

9. On September 28, 2005, the DOR filed a "Disclaimer of Interest" in which it "disclaim[ed] any interest in [this] action but maintain[ed] the Commonwealth's right to pursue any actions it might have against the defendants, Dan W. Adams and Heidi K. Adams."

10. On October 5, 2005, Washington Mutual filed its Motion to Extend Time Period to Seek Default Judgment (the "Motion to Extend") against the Defaulted Defendants. This Court allowed Washington Mutual's Motion to Extend in an Order entered on October 6, 2005.

11. On October 14, 2005, the IRS filed its Answer to the Complaint. Since the filing of the IRS' Answer, counsel for Washington Mutual and the IRS have engaged in discussions about the case and its merits. The IRS has notified counsel for Washington Mutual that it will

not oppose the relief sought in Counts I and II of the Complaint, and therefore assents to the relief requested in this Motion.

12.     Washington Mutual has thus obtained consent to the relief that it seeks in Counts I and II of the Complaint from the only defendant that filed an Answer. The other defendants either defaulted by failing to file an Answer or otherwise defend the Complaint (the Defaulted Defendants) or, in the case of the DOR, filed a "Disclaimer of Interest."

13.     Washington Mutual respectfully requests that this Court enter final judgment on the pleadings on Counts I and II of the Complaint. Rules 12(c) and 57 of the Federal Rules of Civil Procedure allow this Court to enter final judgment on the Complaint's equitable subordination and declaratory judgment claims. This court has the power to declare the rights and legal interests of the parties to this dispute regarding the security interests in the chain of title to the Property pursuant to 28 U.S.C. §§ 2201(a) and 2410(a).

14.     Under Massachusetts law, this Court has the power to equitably subordinate the other lien holders to Washington Mutual, and to reinstate Washington Mutual's first mortgage security interest in the Property, based upon the fraudulent conduct of Dan W. and Heidi K. Adams and/or the mistake in discharging Washington Mutual's first mortgage. See Progressive Consumers Fed. Credit Union v. United States, 79 F.3d 1228, 1234-38 (1st Cir. 1996); Provident Co-operative Bank v. James Talcott, Inc., 358 Mass. 180, 189-90 (1970); North Easton Co-op. Bank v. MacLean, 300 Mass. 285, 292 (1938); Nationsbanc Mortgage Corp. v. Eisenhauer, 49 Mass. App. Ct. 727, 730 (2000).

---

[1] On September 29, 2005 after this Court entered its Notice of Default, an attorney entered an appearance as counsel of record for Beneficial. Beneficial has not filed any pleading or motion seeking to vacate the default entered against it.

15. Attached to this Motion as Exhibit A is a Proposed Order that Washington Mutual believes will be suitable for filing at the Barnstable County Registry of Deeds to reinstate its first mortgage security position in the Property.

WHEREFORE, Washington Mutual Bank respectfully requests that this Court allow this Motion, enter final judgment for Washington Mutual and against the defendants on Counts I and II of the Complaint, and enter the Order attached hereto as Exhibit A.

WASHINGTON MUTUAL BANK,
By its Attorneys,


 */s/ J. Patrick Kennedy*
Donn A. Randall, BBO #631590
J. Patrick Kennedy, BBO #565778
Mary Ellen Manganelli, BBO #641658
Bulkley, Richardson and Gelinas, LLP
One Post Office Square, Suite 3700
Boston, MA  02109
(617) 368-2500

Dated: December 8, 2005


Assent of the UNITED STATES OF AMERICA:

MICHAEL J. SULLIVAN,
United States Attorney


 */s/ Lydia Bottome Turanchik*
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560

CERTIFICATE OF SERVICE

    I, J. Patrick Kennedy, hereby certify that a true and correct copy of the foregoing document was served on all parties or counsel of record via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid on this 8th day of December, 2005.

                                                */s/ J. Patrick Kennedy*
                                                 J. Patrick Kennedy

314529-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WASHINGTON MUTUAL BANK,   )<br>                             )<br>   Plaintiff,              )<br>                             )<br>   v.                        )<br>                             )<br>DAN W. ADAMS, HEIDI K. ADAMS, )<br>UNITED STATES OF AMERICA,    )<br>COMMONWEALTH OF              )<br>MASSACHUSETTS DEPARTMENT OF  )<br>REVENUE, DELTA FUNDING       )<br>CORPORATION and BENEFICIAL   )<br>MASSACHUSETTS INC.,          )<br>                             )<br>   Defendants.              )  | CIVIL ACTION NO. 05-11686-WGY |

## **AFFIDAVIT OF JAMES A. HORNE**

1.  My name is James A. Horne and I am employed as an Executive Liaison in the Executive Response Center at Washington Mutual Bank ("Washington Mutual"). Among other duties and responsibilities, I am responsible for researching and responding to escalated inquiries directed from senior executives at Washington Mutual, from governmental or regulatory agencies, or from attorneys.

2.  I have personal knowledge of the facts set forth in this affidavit based upon my own knowledge and my review of certain documents, and could and would testify truthfully to these facts in a court of law. This affidavit is made in compliance with the requirements of 28 U.S.C. § 1746.

3.  I was assigned to investigate and research the mortgage loan account with borrowers Dan W. Adams and Heidi K. Adams that is the subject of this action and is now

owned and serviced by Washington Mutual. I personally conducted that research, which confirmed that the loan payoff made by Dan W. and Heidi K. Adams was fraudulent, and that the mortgage discharge by Washington Mutual resulted from that fraud.

4.    I have read the Complaint in this action and, based upon my personal knowledge and documents that I have reviewed, hereby verify under oath that the factual allegations contained in paragraphs 1 through 40 of the Complaint are accurate and correct to the best of my knowledge and belief.

5.    I have reviewed the documents that are attached to the Complaint as Exhibits 1 through 10. I hereby verify that the exhibits are true and complete copies of documents as described in the Complaint to the best of my knowledge and belief. I further verify that Exhibits 1 through 8 and 10 are true and complete copies of documents that are recorded at the Barnstable County, Massachusetts Registry of Deeds in the chain of title to the property located at 15 Highfield Drive, Sandwich, Barnstable County, Massachusetts that is owned by Dan W. and Heidi K. Adams.

I, James A. Horne, hereby declare under penalty of perjury that the facts set forth above are true and correct to the best of my knowledge and belief. Executed on this 2nd day of December, 2005.

                                                    _/s/ James A. Horne_
                                                            James A. Horne

314626-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WASHINGTON MUTUAL BANK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-11686-WGY |
| DAN W. ADAMS, HEIDI K. ADAMS, UNITED STATES OF AMERICA, COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE, DELTA FUNDING CORPORATION and BENEFICIAL MASSACHUSETTS INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED] ORDER**

Based upon this Court's review and consideration of the evidence presented in this action, and the Judgments entered by this Court on Counts I and II of the Complaint, it is HEREBY ORDERED, ADJUDGED and DECREED that:

1. The mortgage discharge recorded by Washington Mutual Bank as agent and servicing entity for Long Beach Mortgage Company on or about April 20, 2005, in the chain of title to the property located at 15 Highfield Drive, Sandwich, Barnstable County, Massachusetts (the "Property"), which was recorded at the Barnstable County Registry of Deeds, Registered Land Division, as Document Number 999,369 is hereby declared NULL, VOID and of NO LEGAL EFFECT, nunc pro tunc to the date and time of recording.

2. The mortgage given by the record owners of the property as of April 20, 2005, Dan W. Adams and Heidi K. Adams, to Long Beach Mortgage Company, which was recorded at

the Barnstable County Registry of Deeds, Registered Land Division, as Document Number 877,425, is hereby deemed REINSTATED, VALID and OF FULL LEGAL EFFECT as of April 20, 2005.

    3.    The mortgage referenced in paragraph 2 above shall be deemed SUPERIOR in ORDER and PRIORITY to the following instruments recorded in the chain of title to the Property at the Barnstable County Registry of Deeds:

    (a)    a mortgage on the Property in favor of Delta Funding Corp. that was recorded at the Barnstable County Registry of Deeds, Registered Land Division, on August 6, 1999 as Document Number 774,786, by virtue of a Subordination Agreement in favor of Long Beach Mortgage Company that was recorded at the Barnstable County Registry of Deeds, Registered Land Division, on July 24, 2002 as Document Number 879,406;

    (b)    a mortgage on the Property in favor of Beneficial Massachusetts Inc. that was recorded at the Barnstable County Registry of Deeds, Registered Land Division, on November 26, 2002 as Document Number 895,117;

    (c)    a Notice of Federal Tax Lien prepared by the United States of America, Department of Treasury – Internal Revenue Service, in the name of Dan W. Adams, against the Property, in the amount of $241,283.47, that was recorded at the Barnstable County Registry of Deeds on October 8, 2003 in Book Number 17766, at Page Number 155; and

    (d)    a Notice of Massachusetts Tax Lien prepared by the Commonwealth of Massachusetts, Department of Revenue, in the name of Dan W. Adams, against the Property, in the amount of $7,072.03, that was recorded at the Barnstable

3

County Registry of Deeds on October 21, 2004 in Book Number 19157, at Page Number 133.

An Original of this ORDER shall be filed at the Barnstable County Registry of Deeds in order to clarify the priority of liens in the chain of title to the Property. Entered on this ___ day of December, 2005.

_____
WILLIAM G. YOUNG, Chief Judge
United States District Court for the
District of Massachusetts

314727-1

3