UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WASHINGTON MUTUAL BANK,

Plaintiff,

v.

DAN W. ADAMS, HEIDI K. ADAMS, UNITED STATES OF AMERICA, COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE, DELTA FUNDING CORPORATION and BENEFICIAL MASSACHUSETTS INC.,

Defendants.

CIVIL ACTION NO. 05-11686-WGY

**ASSENTED-TO MOTION FOR RELIEF FROM REQUIREMENTS OF LOCAL RULE 16.1 AND TO REMOVE THIS CASE FROM THE LIST OF CASES SET FOR AN INITIAL SCHEDULING CONFERENCE ON JANUARY 23, 2006**

Pursuant to Rule 16(a) of the Federal Rules of Civil Procedure and Local Rule 16.1(A), plaintiff Washington Mutual Bank ("Washington Mutual") hereby moves, with the assent of the counsel of record for other defendants who have entered appearances in this action (the United States of America, Department of Treasury – Internal Revenue Service (the "IRS") and Beneficial Massachusetts Inc. ("Beneficial")), for relief from the requirements of Local Rule 16.1 because the only remaining issue to be adjudicated in this case is discreet and involves only defendants Dan W. and Heidi K. Adams, who have already been defaulted. Specifically, Washington Mutual requests that all parties be relieved of the requirements set forth in this Court's January 6, 2006 Notice of Scheduling Conference, including appearing at the initial

scheduling conference set for January 23, 2006, in the interests of efficient administration of justice.

Washington Mutual further requests that this Court rule on this Motion on an expedited basis, before the fourteen-day period set forth in the Local Rules for any opposition or response expires, in light of the date of the initial scheduling conference on January 23, 2006. In support of its Motion, Washington Mutual states as follows:

1. Washington Mutual brought this action against defendants Dan W. Adams, Heidi K. Adams, the IRS, the Commonwealth of Massachusetts Department of Revenue ("DOR"), Delta Funding Corporation ("Delta") and Beneficial seeking to subrogate certain liens and to restore Washington Mutual's first security mortgage position on property owned by Dan W. and Heidi K. Adams located at 15 Highfield Drive, Sandwich, Barnstable County, Massachusetts (the "Property") as a result of Mr. and Mrs. Adams' fraudulent actions that led to a mistaken discharge of Washington Mutual's first security position on the Property.

2. Count I of the Complaint contained a claim for equitable subrogation against all defendants. In the Complaint's prayer for relief, Washington Mutual requested that this Court enter a judgment for Washington Mutual and against all defendants equitably subrogating each of their security interests in the Property to a position junior to that of Washington Mutual as the same existed prior to the fraudulent conduct and/or mistake described in the Complaint.

3. Count II of the Complaint contained a claim for a declaratory judgment against all defendants. In the Complaint's prayer for relief, Washington Mutual requested that this Court enter a declaratory judgment that Washington Mutual be restored to its first secured priority position in the chain of title to the Property, and enter an appropriate order suitable for filing at the Barnstable County Registry of Deeds to clarify the priority order of liens on the Property.

4. In Count III of the Complaint, Washington Mutual sought to recover its attorneys' fees and costs for having to bring this action from defendants Dan W. and Heidi K. Adams.[1]

5. On September 9, 2005, Washington Mutual filed Requests for Default against defendants Dan W. Adams, Heidi K. Adams and Delta due to their failure to timely file or serve an Answer or otherwise defend the Complaint. On September 13, 2005, Washington Mutual filed a Request for Default against defendant Beneficial due to its failure to timely file or serve an Answer or otherwise defend the Complaint. Dan W. Adams, Heidi K. Adams, Delta and Beneficial are hereinafter collectively referred to as the "Defaulted Defendants." On September 14, 2005, this Court entered Notices of Entry of Default against each of the Defaulted Defendants.[2]

6. On September 28, 2005, the DOR filed a "Disclaimer of Interest" in which it "disclaim[ed] any interest in [this] action but maintain[ed] the Commonwealth's right to pursue any actions it might have against the defendants, Dan W. Adams and Heidi K. Adams."

7. On December 8, 2005, Washington Mutual filed two motions: (a) first, a Motion for Entry of Default Judgment against the Defaulted Defendants; and (b) second, an Assented-to Motion for Judgment on the Pleadings on Counts I and II of the Complaint (the "Motion for Judgment on the Pleadings"). No opposition or response was filed to either of the motions.

8. On December 19, 2005, this Court entered an electronic Order granting Washington Mutual's Motion for Judgment on the Pleadings[3] and denying its Motion for Entry

---

[1] Defendants Dan W. and Heidi K. Adams have filed certain papers in this case, but have no counsel of record.

[2] On September 29, 2005 after this Court entered its Notice of Entry of Default, an attorney entered an appearance as counsel of record for Beneficial. Beneficial has not filed any motion seeking to vacate the default entered against it.

[3] Washington Mutual filed a Proposed Order with its Motion for Judgment on the Pleadings in order to obtain complete relief on Counts I and II, as it will need to file an original signed Order with the Barnstable County

of Default Judgment. In denying the default motion, the Court stated as follows: "While the defaulted defendants are defaulted as to Count III as well, there is no occasion to enter judgment until all issues have been adjudicated."

9. The only remaining issue left open in Count III of the Complaint is the amount of attorneys' fees and costs to which Washington Mutual is entitled from defendants Dan W. Adams and Heidi K. Adams. All other issues in this case have been adjudicated in Washington Mutual's favor by the granting of its Motion for Judgment on the Pleadings.

10. Counsel for Washington Mutual and all other counsel who have appeared in this action do not believe that this case needs an initial scheduling conference or the procedures required by this Court's Notice of Scheduling Conference such as a discovery plan and pre-trial deadlines that are included in a Joint Statement under Local Rule 16.1. Thus, Washington Mutual requests that this case be removed from the list of cases set for an initial scheduling conference on January 23, 2006, and that all parties be relieved of the requirements contained in the Notice of Scheduling Conference, in the interests of efficient administration of justice.

11. Washington Mutual notes that the only remaining issue in this case, the amount of attorneys' fees and costs to be taxed for Washington Mutual against defendants Dan W. and Heidi K. Adams under Count III of the Complaint, can be resolved by submission of a bill of fees and costs supported by an appropriate affidavit. If the Court believes that this case should be set for a hearing to discuss that issue, Washington Mutual requests that the Court schedule a case

Registry of Deeds. Although the Court granted Washington Mutual's Motion for Judgment on the Pleadings, as of this date the Court has not provided a signed copy of the Proposed Order.

management conference or an assessment of damages hearing without the attendant requirements of preparing and submitting a Joint Statement under Local Rule 16.1.[4]

WHEREFORE, Washington Mutual Bank respectfully requests, in the interests of efficient administration of justice, that the Court allow this Motion, remove this case from the list of cases set for an initial scheduling conference on January 23, 2006, and enter the Proposed Order attached to the Motion for Judgment on the Pleadings that was granted in this Court's December 19, 2005 electronic Order.

WASHINGTON MUTUAL BANK,
By its Attorneys,

*/s/ J. Patrick Kennedy*
Donn A. Randall, BBO #631590
J. Patrick Kennedy, BBO #565778
Mary Ellen Manganelli, BBO #641658
Bulkley, Richardson and Gelinas, LLP
One Post Office Square, Suite 3700
Boston, MA 02109
(617) 368-2500

Dated: January 11, 2006

**Assented to by other Parties:**

UNITED STATES OF AMERICA:

MICHAEL J. SULLIVAN,
United States Attorney

*/s/ Lydia Bottome Turanchik*
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6560

BENEFICIAL MASSACHUSETTS INC.,
By its attorney,

*/s/ Brian Robert Hachey*
Brian Robert Hachey, BBO #647710
Schechtman Halperin Savage LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400

[4] If this Court were to schedule a case management conference or an assessment of damages hearing to resolve Count III of the Complaint, counsel for the IRS and Beneficial should be relieved of any obligation to attend since Count III was not brought against those parties.

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1**

I, J. Patrick Kennedy, hereby certify pursuant to Local Rule 7.1 that I conferred with all counsel of record who have entered an appearance in this action in a good faith effort to narrow or resolve the issues, and that counsel for the United States Department of Justice -- Internal Revenue Service and Beneficial Massachusetts Inc. assented to the relief requested herein. Counsel for the Commonwealth of Massachusetts Department of Revenue disclaimed any interest in this action. I was unable to confer with defendants Dan W. Adams and Heidi K. Adams as they appear to have no published telephone number, and they have returned mail we have sent to them concerning this case.

*/s/ J. Patrick Kennedy*
J. Patrick Kennedy

**CERTIFICATE OF SERVICE**

I, J. Patrick Kennedy, hereby certify that a true and correct copy of the foregoing document was served on all parties or counsel of record via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid on this 11th day of January, 2006.

*/s/ J. Patrick Kennedy*
J. Patrick Kennedy

317371-1