UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WASHINGTON MUTUAL BANK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-11686-WGY |
| DAN W. ADAMS, HEIDI K. ADAMS, UNITED STATES OF AMERICA, COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE, DELTA FUNDING CORPORATION and BENEFICIAL MASSACHUSETTS INC., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**WASHINGTON MUTUAL BANK'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS DAN W. ADAMS AND HEIDI K. ADAMS ON <u>COUNT III OF THE COMPLAINT</u>**

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and this Court's Standing Order Regarding Motions for Default Judgment, plaintiff Washington Mutual Bank ("Washington Mutual") hereby makes a renewed motion for the entry of default judgment against defendants Dan W. Adams and Heidi K. Adams on Count III of the Complaint. In support of this Motion, Washington Mutual states as follows and relies upon the Affidavit of J. Patrick Kennedy that was filed on December 8, 2005 in Support of Washington Mutual's original Motion for Entry of Default Judgment:

1. The Complaint in this action was filed on August 15, 2005.

2. Defendants Dan W. Adams and Heidi K. Adams were served with summonses and copies of the Complaint on August 18, 2005.

3. Defendants Delta Funding Corp. ("Delta") and Beneficial Massachusetts, Inc. ("Beneficial") were served with summonses and copies of the Complaint on August 19, 2005.

4. On September 2 and 8, 2005, executed proofs of return of service were filed with the Court for each of these defendants.

5. On September 9, 2005, Washington Mutual filed Requests for Default against defendants Dan W. Adams, Heidi K. Adams, Delta and Beneficial due to their failure to timely file or serve an Answer or otherwise defend the Complaint.

6. On September 14, 2005, this Court entered Notices of Entry of Default against Dan W. Adams, Heidi K. Adams, Delta and Beneficial.

7. On October 5, 2005, Washington Mutual filed its Motion to Extend Time Period to Seek Default Judgment (the "Motion to Extend") against Dan W. Adams, Heidi K. Adams, Delta and Beneficial. This Court allowed Washington Mutual's Motion to Extend in an Order entered on October 6, 2005.

8. On December 8, 2005, Washington Mutual filed two motions: (a) its Assented-to Motion for Judgment on the Pleadings on Counts I and II of the Complaint (the "Motion for Judgment on the Pleadings"); and (b) its Motion for Entry of Default Judgment.

9. Washington Mutual's Motion for Judgment on the Pleadings was filed with the assent of the only defendant that filed an answer in the case (the United States of America, Internal Revenue Service), and sought judgment against all defendants on Counts I and II of the Complaint. Counts I and II of the Complaint did not seek monetary relief and instead requested that the Court issue an Order reinstating the Washington Mutual mortgage that was erroneously discharged as a result of fraud committed by Dan W. Adams and Heidi K. Adams.

10. In an Electronic Order filed on December 19, 2005, this Court granted the Motion for Judgment on the Pleadings, and denied the Motion for Entry of Default Judgment. In its Electronic Order, the Court stated that "[w]hile the defaulted defendants are defaulted as to Count III as well, there is no occasion to enter judgment until all issues have been adjudicated."

11. On January 27, 2006, following the allowance of the Motion for Judgment on the Pleadings, this Court entered an Order reinstating Washington Mutual's mortgage to the first priority position. The Court's Order was subsequently filed at the Barnstable County Registry of Deeds, Registered Land Division. Entry of this Order resolved all issues with respect to Counts I and II of the Complaint.

12. The only issue remaining in this case is the monetary relief that Washington Mutual requested in Count III of the Complaint against defendants Dan W. Adams and Heidi K. Adams (not the other defendants), specifically the award of attorneys' fees and costs for having to litigate this matter. Washington Mutual is filing its separate Motion for An Award of Attorneys' Fees and Costs (the "Motion for Attorneys' Fees") and a supporting Affidavit of J. Patrick Kennedy with this motion. The Court's decision on the Motion for Attorneys' Fees will result in adjudication of all claims in this action, and the Court can then enter a final judgment.

13. In light of the failure of defendants Dan W. Adams and Heidi K. Adams to file an Answer or otherwise defend the Complaint, judgment should be entered against each of them on Count III of the Complaint. As set forth in the detailed description of attorneys' fees and costs incurred by Washington Mutual in pursuing its claims, a final judgment in the amount of $28,468.75 should be entered against defendants Dan W. Adams and Heidi K. Adams.

WHEREFORE, plaintiff Washington Mutual Bank respectfully requests that this Court allow this Motion and enter final judgment against defendants Dan W. Adams and Heidi K.

Adams on Count III of the Complaint in the amount of $28,468.75, as requested in the Motion for an Award of Attorneys' Fees and Costs and the Affidavit of J. Patrick Kennedy being filed herewith.

WASHINGTON MUTUAL BANK,
By its Attorneys,


     */s/ J. Patrick Kennedy*
Donn A. Randall, BBO #631590
J. Patrick Kennedy, BBO #565778
Mary Ellen Manganelli, BBO #641658
Bulkley, Richardson and Gelinas, LLP
One Post Office Square, Suite 3700
Boston, MA  02109
(617) 368-2500

Dated: August 3, 2006

## CERTIFICATE OF SERVICE

    I, J. Patrick Kennedy, hereby certify that a true and correct copy of the foregoing document was served on all parties or counsel of record via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid on this 3rd day of August, 2006.

    */s/ J. Patrick Kennedy*
J. Patrick Kennedy

410849.1